**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DANIEL TWOMEY, : | |
| : | |
| Plaintiff, : | Civil No. 09-6150 (FLW) |
| : | |
| v. : | |
| : | **O P I N I O N** |
| OCEAN COUNTY, et al, : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

Daniel Twomey, Pro Se
#496464A/618950
Northern State Prison
168 Frontage Road
Newark, NJ 07114

Mary Jane Lidaka, Esq.
Berry, Sahradnik, Kotaz & Benson PC
212 Hooper Avenue
P.O. Box 757
Toms River, NJ 08754-0757
Attorney for Defendants Ocean County and Ocean County Jail Medical Unit

**WOLFSON, District Judge**

Presently before the Court is a Motion for Summary Judgment by Defendants Ocean County and Ocean County Jail Medical Unit ("Defendants"). The instant motion arises out of a Complaint filed by Plaintiff Daniel Twomey ("Plaintiff" or "Twomey") alleging that Defendants violated his constitutional rights by failing to provide him with adequate medical care while incarcerated at Ocean County Jail. In this motion, Defendants

argue that Summary Judgment is proper because: (1) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1996 ("PLRA"); (2) Plaintiff failed to effect proper service on Ocean County; (3) Plaintiff has failed to establish deliberate indifference with regard to his medical treatment; and (4) Plaintiff has failed to demonstrate an issue of material fact. Because this Court finds that Defendant has failed to exhaust his administrative remedies, the Court need not address the remaining grounds for summary judgment.  For the reasons set forth below, the Court will grant Defendants' Motion and will dismiss Plaintiff's Complaint.

**I.     SUMMARY JUDGMENT**

   A. Fed. R. Civ. P. 56

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56(c).  For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986). In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." Kaucher, 455 F.3d at 423. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)). Moreover, the non-moving party must

3

present "more than a scintilla of evidence showing that there is a genuine issue for trial." Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322.

Moreover, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the fact finder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

    B.   New Jersey Local Civil Rule 56.1

New Jersey Local Civil Rule 56.1(a), as amended in 2008, requires that on summary judgment motions, both the moving and non-moving parties furnish a statement identifying what each side deems to be the material facts, so that the Court can determine if a genuine dispute exists. The commentary to the Rule notes that "the requirement of a separate document represents a change from the practice under the former version of the rule," and that

4

"[t]he Rule 56.1 statement is viewed by the Court as a vital procedural step, since it constitutes and is relied upon as a critical admission of the parties."  The commentary specifies the content and format of the statement: e.g., the assertions must be set out in separately numbered paragraphs; each fact must be supported by a citation to an affidavit.

Consequences of a movant's noncompliance with the Rule can be severe-"[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." L. Civ. R. 56.1(a).  See also Kee v. Camden County, 2007 U.S. Dist. LEXIS 23637, at *14 (D.N.J. 2007) (Simandle, J.); Langan Eng'g & Envtl. Servs. v. Greenwich Ins. Co., 2008 U.S. Dist. LEXIS 99341 (D.N.J. 2008) (Greenaway, J.).  Where an opposition brief is not accompanied by a Rule 56.1 statement, the movant is not automatically entitled to summary judgment.  Instead, the judge "may enter summary judgment in favor of the moving party only if the moving party has established that summary judgment is appropriate." Cornelio v. Coupon Serv. Corp., 2007 U.S. Dist. LEXIS 213, 15 *5 (D.N.J. 2007) (Pisano, J.). Such a scenario is predicated on the movant having filed a Rule 56.1 statement.

## II.  BACKGROUND

Plaintiff states that on August 2, 2008, while housed at the Ocean County Jail, he was playing handball in the yard and

5

fell in a pothole.  He was seen by a nurse who diagnosed him with a sprained ankle, but as soon as he got back to his tier, his leg swelled up with bruises forming over his foot to his toes.  He was called to medical the next day to see a doctor.  An x-ray was performed two days later, on August 5, 2008, revealing a break in the ankle.  While he was admitted to the medical unit on August 8, 2008, he did not see a specialist or have his ankle put in a cast until three weeks later.

On August 17, 2008, while in the medical unit prior to his ankle being casted, Plaintiff slipped, jamming his broken ankle and falling on his back.  He was taken to the emergency room, where a splint was put on his ankle and he received a neck brace.

On September 9, 2008, Plaintiff's cast was taken off by a specialist, and Plaintiff was prescribed an ankle brace.  Plaintiff was given another x-ray and was told the ankle did not heal completely.

Plaintiff claims in his Complaint that the delay in treating his broken ankle (the delay in casting the ankle) caused him to fall and injure the ankle more severely, and also injure his neck and back.

### III. **DISCUSSION**

As discussed above, Defendants have moved for summary judgment on four grounds.  First, Defendants argue that summary judgment is proper because Plaintiff has failed to exhaust his

administrative remedies as required by the PLRA.  The Court agrees.

>Pursuant to 42 U.S.C. § 1997e(a):
>
>No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.

(emphasis added).

Exhaustion is mandatory.  Prisoners must exhaust all "available" administrative remedies, even where the relief sought, for example, monetary damages, cannot be granted by the administrative process.  See Booth v. Churner, 532 U.S. 731, 734, 739 (2001).

"[F]ailure to exhaust is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 215 (2007).  Nevertheless, as with other affirmative defenses, if the allegations, taken as true, suffice to establish failure to exhaust, the complaint is subject to dismissal for failure to state a claim. "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract."  Id. at 213-216.

Section 1997e(a) requires "proper exhaustion," as that term is used in administrative law. Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 90-91.

Compliance with prison grievance procedures is all that is required for "proper exhaustion." "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218 (holding that exhaustion was not per se inadequate simply because an individual later sued was not named in the grievance, where prison policy did not require the prisoner to identify a particular responsible party). See also Spruill v. Gillis, 372 F.3d 213, 231 (3d Cir. 2004) ("prison grievance procedures supply the yardstick" for determining what steps are required for exhaustion").

The Court of Appeals for the Third Circuit has held that the exhaustion requirement includes a procedural default component. See Spruill, 372 F.3d at 230. A court may consider extrinsic materials for determining whether a procedural default should be excused. See Williams v. Beard, 482 F.3d 637 (3d Cir. 2007).

Defendants attach to their summary judgment brief, as Exhibit A, the Ocean County Department of Corrections Inmate Rule Book, Revised on March 1, 2007. The Rule Book sets forth a

standardized administrative Grievance Procedure.  As explained by Defendants in their brief:

> . . . The preface to the Grievance Procedure section states: "A viable complaint process is available to inmates to allow systematic redress of conditions relating to confinement.  All complaints shall receive written, signed responses within a short period."  The rule book details the inmate grievance procedure and includes an appeal process.  Specifically, the rule book provides that "[a]ll redress for grievances and complaints should be exhausted at the institutional level."  The rule book then notes that the appropriate grievance forms can be obtained from any corrections officer and that the inmate can obtain assistance from other inmates or staff to complete the form.  Furthermore, the rule book indicates that the grievance shall be processed within seven days from the date of the incident and that jail staff has up to seven business days from receiving the complaint to act on it and provide a written response.  However, if the complaint is of an emergent nature that may endanger the inmate's immediate health or welfare, a response must be provided as soon as possible and within 48 hours of receipt of the grievance.

(Defendants' Brief, pp. 6-7 and Exhibit A).

Here, Plaintiff admits in his Complaint that he did not file any grievances in connection with the alleged inadequacy of medical treatment he was receiving (Complt., ¶ 5).  He states that he did not file grievances because he "did not feel [he] would get a fair hearing through[] administrative remedies."  Defendants confirm in their moving papers that Plaintiff had not filed a grievance in connection to his claims.  Furthermore, Plaintiff's opposition submissions to this motion [19, 21] do not address the exhaustion argument by Defendants.

There is no futility exception to the exhaustion requirement. See <u>Nyhuis v. Reno</u>, 204 F.3d 65, 67 (3d Cir. 2000). The exhaustion requirement applies to the grievance procedure in an inmate handbook that is not formally adopted by a state administrative agency. See <u>Concepcion v. Morton</u>, 306 F.3d 1347, 1348-1349 (3d Cir. 2002). However, prisoners are only required to exhaust those administrative remedies that are "available" to them. See 42 U.S.C. § 1997e(a)(2004); <u>Days v. Johnson</u>, 322 F.3d 863 (5th Cir. 2003)(defining available as immediately utilizable and being accessible or obtainable).

In <u>Dempsky v. Walker</u>, 420 F. Supp.2d 370 (D.N.J. 2006), Judge Simandle, of this Court, granted summary judgment to defendants on failure to exhaust administrative remedies grounds, when Plaintiff was incarcerated in a facility that had an inmate handbook describing grievance procedures, and where the Plaintiff knew of the procedures but did not follow them.

Likewise, in this case, it is undisputed that Plaintiff was confined at the Ocean County Jail at the time of the events complained of through the time he filed this Complaint, that an administrative remedy system existed for grievance of the medical care claims, and that he failed to exhaust his administrative remedies. Plaintiff's own admissions in his complaint are evidence that he knew of the grievance procedure, but chose not to utilize it. Thus, Defendants are entitled to summary judgment

for failure to exhaust administrative remedies as required by § 1997e and the Court will dismiss Plaintiff's Complaint.

**IV.  CONCLUSION**

For the reasons set forth above, Defendants' Motion for Summary Judgment will be granted.  The Complaint will be dismissed for failure to exhaust administrative remedies.

An appropriate order follows.


                                    /s/ Freda L. Wolfson
                                    Honorable Freda L. Wolfson
                                    United States District Judge

Dated: August 30, 2011